UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

MARTHA SINCLAIR,

    Plaintiff,

v.

MAGIC BURGERS, LLC d/b/a
BURGER KING,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY RELIEF REQUESTED AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, MARTHA SINCLAIR ("Ms. Sinclair" or "Plaintiff") files this Complaint against Defendant, MAGIC BURGERS, LLC d/b/a BURGER KING ("BK" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief,

compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Lake County, Florida, and this venue is therefore proper.

6. Defendant is a Florida limited liability company that is located and does business in Lake County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as

a result of her disability or "perceived disability."

8. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

9. On or around July 01, 2019, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On April 27, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Sinclair worked for BK as a Food Prep and Cook from June 2017, until her termination on September 19, 2018.

15. In 2007, Ms. Sinclair suffered a stroke, and as a result experiences chronic symptoms, such as delayed reaction time, poor balance, weakness in her hands, and extreme fatigue.

16. As such, Ms. Sinclair's physical impairments substantially limit her major life activities of walking, standing, lifting, and performing other manual tasks, and therefore her medical condition is considered a protected disability under the ADA and the FCRA.

17. Upon the arrival of BK's new manager, "Arlene," Ms. Sinclair disclosed her disability to Arlene and advised that she needed reasonable accommodations to address any flare ups related to her disability.

18. In response, Arlene criticized Ms. Sinclair publicly and humiliated her in front of her co-workers simply because she required and requested reasonable accommodations.

19. Arlene continuously verbally abused and belittled Ms. Sinclair, yelling at her to move faster, and that she was clumsy and uncoordinated (all conditions associated with her prior stroke).

20. To make matters worse, Arlene retaliated against Ms. Sinclair by assigning nearly impossible tasks, such as, running both sides of the kitchen by herself or requiring her to handle the drive thru and the front of the house by herself.

21. Other employee's that didn't suffer from a disability had not been placed under these conditions or subjected to this level of harassment/discrimination.

22. Specifically, on September 18, 2018

23. Arlene requested a meeting with Ms. Sinclair. During this meeting, Arlene gave Ms. Sinclair her first write-up and suspended her for a week because she was "too slow." Arlene then further stated, "I could run circles around you."

24. When Ms. Sinclair refused to sign the write-up and explained that she felt this behavior was discriminatory and reminded Arlene of the symptoms affiliated with her disability, Arlene retaliated against her, and demanded that Ms. Sinclair clock out.

25. Ms. Sinclair clocked out and left for the shift.

26. Immediately upon leaving, BK, Ms. Sinclair called District Manager, "Eddie," and informed him of her suspension.

27. During this conversation, she also voiced her concerns that this conduct was discriminatory toward her disability and unacceptable.

28. The following day, on September 19, 2018, Ms. Sinclair arrived for her scheduled shift.

29. About two (2) hours into her shift, Arlene arrived at BK and terminated Ms. Sinclair.

30. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and the FWA were intended to prevent.

31. In reality, Defendant's termination of Ms. Sinclair stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA/FCRA, and her recent objections to BK's discriminatory actions.

32. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA/FCRA, her objections regarding disability discrimination, and her termination sufficiently clear.

33. The person to whom Plaintiff voiced her objections to Defendant's violations of law was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

34. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

35. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

36. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose

an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

37. Ms. Sinclair is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Food Prep and Cook.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

39. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

40. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

41. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Sinclair based solely upon her disability.

42. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

43. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

44. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

45. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

47. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is protected class member as envisioned by the ADA and the FCRA.

48. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

49. Any other reason given for Plaintiff's termination is a pretext, designed to cover up disability discrimination and retaliation.

50. Defendant did not have a good faith basis for its actions.

51. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

52. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, and 4 through 53, above.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

56. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

59. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, and 3 through 53, above.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

63. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, and 4 through 53, above.

69. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

71. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

72. Plaintiff's protected activity, and her termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, and 3 through 53, above.

79. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

80. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

81. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

82. Plaintiff's protected activity, and her termination, are causally related.

83. Defendant's stated reasons for Plaintiff's termination are a pretext.

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 7th day of July, 2021.

>Respectfully Submitted,
>
>**By:** */s/ Noah Storch*
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com